Nott, J.,
delivered-tlie opinion of the court:
This is an action brought by an officer, erroneously dismissed the service and subsequently restored, for his pay during the interval between his dismissal and' its revocation; and which it is alleged amounts to $706.
The facts so far as they need be considered are comprised in three-orders of the President, which are as follows :
“War DepaRtment, Adjutant GenbRal’s Office,
“ Washington, March 28, 1865.
###### # *
“ 5. So much of Special Orders. No. 74, March 15,1865, from headquarters department of Virginia, army of the James, as, upon the-report of a board of examiners, dismissed Captain William Eeynolds, twentieth New York cavalry, for disobedience of orders, neglect of duty, aDd inefficiency, is, by direction of the President, hereby confirmed.
“By order of the Secretary of War:
“E. D. Townsend,
“ Assistant Adjutant General.”
“ War Department, Adjutant General’s Office,
“ Washington, June 27, 1867..
“ 10. By direction of the President, under the special circumstances of the case, and in connection with the report of the military commission convened by Special Orders No. 53, series of 1863, from this office, so much of General [*Special] Orders No. 74, dated headquarters department of Virginia, March 15, 1865, confirmed by Special Orders No. 149, March 28,1865, from this office, as dismissed Captain William Eeynolds, twentieth New York cavalry, is hereby revoked, and he is honorably discharged the service of the United States, as of the date of same. He will receive no final payments until he has satisfied the pay department that he is not indebted to the government.
#*#*##*#
“ By order of the Secretary of War :
“E. D. Townsend,

“Assistant Adjutant General.”'

*202 “ Wae Department, Adjutan.t General’s Office,
“ Washington, July 20, 1865.
ft ft ft ft ft '# * ft
“ 26. By direction of the President, and upon the recommendation ■of his commanding generals, so much of Special Orders No. 335, •June 27, 1865, from this office, as revoked the order of dismissal of ■Captain William Reynolds, twentieth New York cavalry, and honorably discharged him, as of the date of same, is hereby amended so as to read: And he is restored to his command with pay from the date •at which he rejoins his regiment for duty.
* * # * if *
“By order of the Secretary of War :
“E. D. Townsend,

“Assistant Adjutant General.”

The claimant now comes'into court and alleges that he rejoined his regiment under the third order, and demands that he receive the pay between the date of his dismissal and its final revocation.
Two cases have already been before this court (Quartermaster Smith’s case, 2, C. Cls. R., p. 206 ; Captain Winter’s case, ante, p. 136) somewhat similar to the case at bar. But in those, the naked question only has been determined that when the President revokes an order for the dismissal of a military officer without reservation or condition, then that the order is “ revolted from its inception,” and “ all its consequences are annulled,” and that the officer is entitled to the pay for the interval. The question now to be determined is not thus a simple one; for the order of revocation is clothed with one condition, and the order amendatory with another. The first of these is that the officer shall be honorably discharged as of ‘the date of his dismissal; the ■second that his pay shall be limited to the time at which he rejoins his regiment for duty.
If the claimant’s case had stopped with the second of these three orders, it might be a question of some delicacy whether the President ■could revoke an order as of the time of its inception, and then deprive an officer of the pay to which he would otherwise be entitled up to the time of his lawful and actual discharge, But the case does not rest at that point, for the third order is then interposed, and of that third order two things are to be observed : 1st. That it originated and sprang from the claimant’s own request. 2d. That it was accepted by him, and under it, as he had previously desired, he was restored to his command.
*203 We think the claimant had in practical effect an option; that he was at liberty to stand upon the order of revocation, and seek whatever legal rights and remedies it gave, or to accept the amendatory order with whatever conditions and restrictions it imposed. This petition shows that he did thus accept it, apparently, without objection or protest, and we think him bound by his election.
The judgment of the court is that the petition be dismissed.